IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL NEDAB )<br>     Plaintiff )<br> )<br>vs. )<br> )<br>BARBARA LITTEN )<br>     Defendant. ) | C.A. No. 05-221 Erie<br>District Judge Mclaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   REPORT**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d) and the motion for leave to proceed in forma pauperis should be denied.

**II.   RECOMMENDATION**

Plaintiff, presently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant District Attorney Barbara Litten violated his civil rights by failing to file criminal charges against several prison guards who allegedly assaulted him at the prison. Plaintiff seeks monetary relief. In addition to his complaint, Plaintiff has filed a motion to proceed *in forma pauperis*.

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..."

A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915(d).  Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  The U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it.  Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

  A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley, 355 U.S. at 45-46.  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines.  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

A prosecutor engaged in "activities [ ] intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). See also Kalina v. Fletcher, 522 U.S. 118, 125 (1997); Buckley v. Fitzsimmons, 509 U.S. 254 (1993). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). The decision to initiate a prosecution is at the core of a prosecutor's judicial role. Imbler, 424 U.S. at 430-31. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred. Kulwicki v. Dawson 969 F.2d 1454, 1464 (3d Cir. 1992). Thus, Defendant Litten is absolutely immune and the case against her should be dismissed as frivolous.

### III.    CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d) and the motion for leave to proceed in forma pauperis should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

> S/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> Chief United States Magistrate Judge

Dated:  September 7, 2005